# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2011AP259-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Matthew C. Siderits, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>          Complainant-Respondent,<br>     v.<br>Matthew C. Siderits,<br>          Respondent-Appellant. |

DISCIPLINARY PROCEEDINGS AGAINST SIDERITS

| | |
|---|---|
| OPINION FILED: | June 4, 2015 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | PROSSER, J., did not participate. |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2011AP259-D

STATE OF WISCONSIN                 :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Matthew C. Siderits, Attorney at Law:**

**Office of Lawyer Regulation,**

   **Complainant-Respondent,**

 **v.**

**Matthew C. Siderits,**

   **Respondent-Appellant.**

**FILED**

**JUN 4, 2015**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY reinstatement proceeding.  *Reinstatement granted.*

¶1  PER CURIAM.  We review a report filed by Referee Michael F. Dubis, recommending that the court reinstate the license of Matthew C. Siderits to practice law in Wisconsin. Upon careful review of the matter, we agree that Attorney Siderits's license should be reinstated.  We further agree with the referee that Attorney Siderits should be required to pay the full costs of this proceeding, which are $2,585.56 as of March 30, 2015.

¶2 Attorney Siderits was licensed to practice law in Wisconsin in 1996. In January of 2013, this court suspended his license to practice law for a period of one year, effective February 4, 2013. In re Disciplinary Proceedings Against Siderits, 2013 WI 2, 345 Wis. 2d 89, 824 N.W.2d 812. The suspension arose out of five counts of misconduct that involved Attorney Siderits manipulating his billing records for the sole purpose of achieving bonuses for two consecutive years.

¶3 On October 15, 2014, Attorney Siderits filed a petition seeking the reinstatement of his law license. On January 22, 2015, the Office of Lawyer Regulation (OLR) filed a response not opposing the reinstatement petition. A public hearing was held before the referee on February 10, 2015. The referee filed his report and recommendation on March 10, 2015.

¶4 Supreme Court Rule (SCR) 22.31(1) provides the standards to be met for reinstatement. Specifically, the petitioner must show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive to the public interest, and that he or she has complied with SCR 22.26 and the terms of the order of suspension. In addition to these requirements, SCR 22.29(4)(a)-(4m) provides additional requirements that a petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶5 When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶6 We conclude that the referee's findings support a determination that Attorney Siderits has met his burden to establish by clear, satisfactory, and convincing evidence that he has met all of the standards required for reinstatement of his license to practice law in Wisconsin. The referee found that Attorney Siderits has not practiced law during the period of his suspension; that he has complied fully with the terms of the order of suspension and will continue to do so until his license is reinstated; that he has maintained competence and learning in the law; that his conduct since the suspension has been exemplary and above reproach; that he has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards; that he can be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and the officer of the courts; and that he has fully complied with the requirements set forth in SCR 22.26. The referee noted that if his license is reinstated, Attorney Siderits intends to resume practice in the area of worker's compensation.

¶7 In assessing Attorney Siderits's moral character and whether his resumption of the practice of law would be detrimental to the administration of justice or subversive of the public interest, the referee pointed to statements in character reference letters submitted by Attorney Siderits at the public hearing. The referee also noted Attorney Siderits's testimony at the public hearing wherein he acknowledged his past professional misconduct and made a commitment not to engage in unethical practices or professional misconduct in the future should his license to practice law be reinstated. The referee concluded by saying:

> Mr. Siderits has paid a very significant price for his professional misconduct, has shown that he understands his ethical duties and can be readmitted to practice, being mindful of those duties and the need for compliance. His suspension has resulted in significant economic hardship to him and his family, and reinstatement of his law license will allow him not only to resume his career as an attorney, but to be better able to adequately support his wife and children and assist his children to attend college. Accordingly, I recommend that Matthew Siderits' petition for reinstatement be granted.

¶8 It is this court's general practice to assess the full costs of a proceeding against a respondent. See SCR 22.24(1m). We find it appropriate to follow that general practice here.

¶9 IT IS ORDERED that the license of Matthew C. Siderits to practice law in Wisconsin is reinstated, effective the date of this order.

¶10 IT IS FURTHER ORDERED that within 60 days of the date of this order, Matthew C. Siderits shall pay to the Office of

4

Lawyer Regulation the costs of this proceeding, which are $2,585.56.

¶11 IT IS FURTHER ORDERED that compliance with all of the terms of this order remain a condition of Matthew C. Siderits's license to practice law in Wisconsin.

¶12 DAVID T. PROSSER, J., did not participate.